Anna Y. Park, CA SBN 164242
Sue Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Elizabeth A. Naccarato, NV BAR #11221
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, Nevada 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, and Does 1-10 Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—CIVIL RIGHTS**<br>• **Americans with Disabilities Act of 1990 [42 U.S.C. § 12101 et seq.]**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Melchora Lee, the Charging Party,

-1-

who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 13 – 19 below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Bank of America Corporation, and DOES 1-10 ("Defendants") denied Charging Party Melchora Lee a reasonable accommodation and subjected her to adverse employment actions on the basis of her disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Bank of America Corporation ("Defendant" or "Bank of America") has continuously been a doing business in Las Vegas, State of Nevada, and continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

1  6. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

8. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## CONDITIONS PRECEDENT

9. More than thirty (30) days prior to the institution of this lawsuit, Melchora Lee filed a charge of discrimination with the Commission alleging that Defendant violated the ADA.

10. Prior to the institution of this lawsuit, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Melchora Lee had been denied a reasonable accommodation, disciplined and discharged due to her disability in violation of the ADA.

11. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effectuate Defendant's voluntary compliance with Title I of the ADA through informal methods of

1  conciliation, conference, and persuasion.

2      12.    Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

13. Melchora Lee is disabled within the meaning of the ADA due to having an actual impairment (deafness), record of such impairment, and regarded as disabled. Charging Party's primary language is American Sign Language ("ASL"). Due to her impairment, Charging Party has been substantially limited in several major life activities, including but not limited to hearing.

14. Since at least 2003, Defendant have engaged in unlawful employment practices in violation of § 102 (a) and (b), 42 U.S.C. § 12112 (a) and (b). More specifically, Defendants discriminated against Melchora Lee on the basis of disability when Defendant failed to provide her a reasonable accommodation, disciplined and discharged her due to her disability.

15. In 1998, Charging Party Melchora Lee began working as a cashier for Defendant. Within a year of her employment, Charging Party was transferred to the position of Cash Services Representative, which she worked until her termination in 2010.

16. From 1990 to 2003, Charging Party was supervised by a manager who could communicate with her in ASL.

17. Beginning in 2003 until her termination in September 2010, Charging Party was supervised by different managers who could not communicate through ASL. During this time, Charging Party requested on multiple occasions that Defendant provide her with an ASL interpreter.

18. Despite Charging Party's requests, Defendant failed to engage in the interactive active process and did not provide Charging Party with a reasonable accommodation.

19. As a consequence of Defendant's failure to accommodate Charging Party, Charging Party's performance suffered, resulting in several disciplines and her termination September 2010.

20. The effect of the practices complained of as described in paragraphs 13 through 19 have been to deprive Charging Party Melchora Lee of equal employment opportunities.

21. The unlawful employment practices in paragraphs 13 through 19 above were intentional.

22. The unlawful employment practices complained of above were done with malice or with reckless indifference to Charging Party's federally protected rights.

### PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b).

C. Order Defendants to make whole Charging Party Melchora Lee by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendants to make Charging Party Melchora Lee whole by providing compensation for past and future pecuniary losses, including but not out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendants to make Charging Party Melchora Lee whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party Melchora Lee punitive damages for their malicious and/or reckless conduct as described in Paragraphs 13-19 above in an amount to be determined at trial.

1  F. Award the Commission its costs of this action.

2  G. Grant such further relief as the Court deems necessary and proper in the public interest.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

Dated: September 24, 2013

_____
ANNA Y. PARK
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION