Anna Y. Park, CA SBN 164242
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: nakkisa.akhavan@eeoc.gov.

Connie Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov.

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, and Does 1-10 inclusive;<br><br>Defendants | ) Case No.: 2:13-CV- 01754-GMN-VCF<br><br>**PLAINTIFF EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE EEOC'S PRE-SUIT STATUTORY REQUIREMENTS/CONDITIONS PRECEDENT (Third and Fifteenth Affirmative Defenses)**<br><br>The Honorable Gloria M. Navarro<br>U.S. District Judge |

TO THE HONORABLE GLORIA M. NAVARRO:

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") moves for partial summary judgment on the claim that, as a matter of law, the EEOC has met all statutory conditions precedent (investigation, cause determination, and conciliation) prior to filing suit. A summary judgment ruling on this claim would render the EEOC entitled to summary judgment on Bank of America Corporation's ("Defendant" or "Bank of America") purported Third Affirmative defense (alleged failure to exhaust administrative remedies) and Fifteenth Affirmative defense (alleged failure to conciliate). Summary judgment in the EEOC's favor would preclude Defendant from litigating and engaging in discovery, i.e., deposing EEOC employees, on the sufficiency of the EEOC's investigation, cause determination, and conciliation. The EEOC also intends to file a Motion for Protective Order to Preclude the Deposition of Any EEOC on the same grounds, among other things.

Summary judgment should be granted because, as a matter of law, the EEOC has met all of these pre-suit statutory requirements on the following grounds:

**(1)** Because the text of the ADA and Title VII do not provide for judicial review of the sufficiency of the EEOC's administrative processing, "failure to exhaust administrative remedies" and "failure to conciliate" defenses do not exist;

**(2)** Alternatively, even under the deferential standard of review, the EEOC met its pre-suit statutory requirements to investigate, issue a cause determination, and conciliate as a matter of law; and

**(3)** In the interests of conserving precious judicial and public resources, summary judgment should be granted.

//

//

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

The U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this suit in its own name under Title I of American with Disabilities Act of 1990, ("ADA"), as amended, and Title I of the Civil Rights Act of 1991, seeking both monetary and injunctive relief in the public interest and on behalf of Melchora Lee (the "Charging Party"). The EEOC litigates to not only secure victim-specific relief on behalf of victims of discrimination, but also to vindicate the overriding public interest in eradicating employment discrimination. *General Telephone Co of Northwest v. EEOC*, 446 U.S. 318, 326 (1980). In *General Telephone Co.*, the Supreme Court further observed that a straight reading of Title VII authorizes "the EEOC to sue in its own name to enforce federal law by obtaining appropriate relief for those persons injured by discriminatory practices forbidden by the Act." *Id*. at 324-25.

Deaf since birth, Ms. Lee has been substantially limited in the major life activities of hearing and speaking throughout her life. (Plaintiff's Undisputed Concise Fact No. 1, hereinafter "PUF")[1] Consequently, Ms. Lee best communicates through the use of sign language. In its Complaint, the EEOC alleges that Bank of America discriminated against Ms. Lee on the basis of her disability (deafness/hearing impairment) in violation of §102(a) and (b), 42 U.S.C. §12112 (a) and (b) of the ADA. Ms. Lee was employed with Bank of America from April 27, 1998 until her discharge during September 2010. During 2009 and 2010 Ms. Lee worked as a Cash Services Representative at the Las Vegas, NV Cash vault. More specifically, Defendant failed to provide Ms. Lee with reasonable accommodations (sign language interpreters for face-to-face

---

[1] References to "Plaintiff's Concise Undisputed Facts," hereinafter "PUF" are set forth in a separate Concise Statement of Undisputed Material Facts filed concurrently herein.

disciplinary meetings during 2009 and 2010), disciplined Ms. Lee, and discharged her on the basis of disability (deafness) in violation of the ADA.

Here, it is undisputed that the EEOC and Bank of America endeavored in conciliation before suit was filed. The EEOC's letter of determination dated April 26, 2012 further notified Bank of America that "[h]aving determined that there is reason to believe that violations have occurred, the EEOC attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the EEOC invites the parties to join with the Commission in reaching a just resolution of this matter." (PUF 12) On or about July 24, 2012, the EEOC issued a notice of conciliation failure to Bank of America upon having "determined that efforts to conciliate . . . have been unsuccessful." (PUF 13) On or about September 25, 2013, the EEOC filed this instant action in federal court. (PUF 14)

Subsequently, Bank of America, filed its Answer and alleged a "failure to exhaust administrative remedies" defense (Third affirmative defense). As its third affirmative defense, Bank of America contends that the EEOC and /or Melchora Lee "have failed to timely and properly satisfy the jurisdictional prerequisites and/or conditions precedent and/or exhaust its administrative remedies…" In its "failure to conciliate" defense (Fifteenth affirmative defense), Bank of America is challenging the sufficiency of the EEOC's conciliation efforts. In furtherance of these affirmative defenses, Bank of America currently seeks the deposition of the EEOC's designated corporate representative under Rule 30(b)(6) to challenge the sufficiency of the EEOC's administrative processing and litigation of Ms. Lee's EEOC charge.

## II. CONCISE STATEMENT OF UNDISPUTED FACTS

The EEOC's undisputed concise facts (hereinafter "Plaintiff's Undisputed Facts" or "PUF") numbers 1 through 18 support that, as a matter of law, the EEOC is entitled to summary judgment on the claim that all pre-suit

requirements/statutory conditions precedent prior to filing suit have been. References to "Plaintiff's Undisputed Facts," hereinafter "PUF" are set forth in a separate Concise Statement of Undisputed Material Facts filed concurrently herein.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); *see also* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, Ch. 8 §2734 ("The general principles of practice under Rule 56 also apply to the assertion of defenses by a motion for summary judgment."). The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Rule 56 contains "no express or implied requirement" for the moving party to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id*. If the moving party meets that burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue for trial. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). Where there is no doubt as to the existence of any issue of material fact, summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

//

//

## IV. LEGAL ARGUMENT

### A. BECAUSE THE TEXT OF THE ADA AND TITLE VII DO NOT PROVIDE FOR JUDICIAL REVIEW OF THE SUFFICIENCY OF THE EEOC'S ADMINISTRATIVE PROCESSING, "FAILURE TO CONCILIATE" AND "FAILURE TO EXHAUST AMINISTRATIVE REMEDIES" DEFENSES DO NOT EXIST.

The EEOC exercises "the same enforcement powers, remedies, and procedures that are set forth in Title VII ... when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195–96 (9th Cir.2003) (citing *EEOC v. Waffle House*, 534 U.S. 279, 285, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002)). The process begins with the filing of a charge. 42 U.S.C. §2000e-5(b). Title VII authorizes the EEOC to sue private employers to remedy unlawful discrimination and retaliation. 42 U.S.C. §2000e-5(f)(1). Title VII mandates that upon receiving a charge, the EEOC shall "make an investigation," determine whether "reasonable cause" exists "to believe the charge is true," and, if so, "endeavor to eliminate any such alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion." *Id*. If the EEOC is "unable to secure from the respondent a conciliation agreement *acceptable to the Commission*, the Commission may bring a civil action." 42 U.S.C. §2000e-5(f)(1) (emphasis added). Significantly, EEOC is not bound by the four corners of a charge. Rather, "any discrimination . . . discovered in the course of a reasonable investigation" that is included in the "'reasonable cause' determination and [i]s followed by . . . conciliation" is actionable. *EEOC v. Hearst*, 553 F.2d 579, 580 (9th Cir. 1977); *see also Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 331 (1980) (violations ascertained in course of reasonable investigation are actionable). Contrary to Bank of America's assertion, Title VII does not provide for judicial review of the sufficiency of EEOC's investigations and determinations, nor does it provide for

judicial review of conciliation through an implied affirmative defense.

**1. Defendant's third affirmative defense does not exist because sufficiency of the EEOC's investigation and cause determination is not judicially reviewable.**

As the Ninth Circuit has recognized, the EEOC must receive a charge, investigate, and find cause before filing suit under §706. *See EEOC v. Pierce Packing*, 669 F.2d 605, 608 (9th Cir. 1982). A district court can verify these pre-suit requirements, if challenged, by looking at the charge and cause determination. However, Title VII provides no authority for a district court to delve into the *sufficiency* of the agency's investigation and cause determination. No language in Title VII provides for judicial review of the adequacy of the agency's investigation and cause determination; no language establishes a standard of review for assessing the adequacy of EEOC's investigation and cause determination; and no language sets out a remedy for an inadequate investigation or cause determination.

Consistent with the absence of statutory language authorizing review, courts have reasoned that scrutinizing the sufficiency of EEOC's investigations and determinations is unwarranted because these administrative steps have no "determinative consequences." *Ward v. EEOC*, 719 F.2d 311, 313-14 (9th Cir. 1983) (holding that neither Title VII nor the Administrative Procedure Act authorizes suits against EEOC by dissatisfied charging parties). Rather, the purpose of the investigation is "to determine if there is a basis for the charge," while the purpose of the cause determination is to notify the employer of EEOC's findings and "provide a basis for later conciliation proceedings." *EEOC v. Keco*, 748 F.2d 1097, 1100 (6th Cir. 1984). Thus, EEOC's cause determination "does not adjudicate rights and liabilities; it merely places the defendant on notice of the charges." *Id.*; *see Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974) (EEOC "cannot adjudicate claims or impose administrative sanctions. Rather,

final responsibility for enforcement of Title VII is vested with federal courts."); *Georator v. EEOC*, 592 F.2d 765, 768 (4th Cir. 1979) (stating that EEOC's "determination of reasonable cause" "is lifeless" and holding that neither Title VII nor the Administrative Procedure Act permits review of EEOC's determinations). "If the charge is not meritorious," that will be revealed in the "de novo trial in the district court." *Keco*, 448 F.2d at 1100.

Accordingly, nearly every circuit to address the issue has held that the adequacy of EEOC's investigations and cause determinations are beyond judicial review—including, as here, when an employer challenges EEOC's investigation into class-wide discrimination. *See, e.g., Serrano & EEOC v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir. 2012) (in class case, stating that courts may not inquire into sufficiency of investigation); *EEOC v. Caterpillar*, 409 F.3d 831, 833 (7th Cir. 2005) (neither the agency's investigation nor class determination is judicially reviewable); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) ("the nature and extent of [an EEOC] investigation are discretionary"); *Keco*, 748 F.2d at 1100-01 (court erred by inquiring into the sufficiency of the Commission's investigation and cause finding as to "class" of women); *Georator*, 592 F.2d at 767 (EEOC's cause findings are unreviewable). Even a Nevada district court has held that the adequacy of EEOC's investigation and cause findings is not judicially reviewable. *EEOC v. Gold River Operating Corp.*, No. 04-1349, 2007 WL 983853, at *3 (D. Nev. Mar. 30, 2007) ("[A]n employer may not litigate the adequacy of the EEOC's investigation and determination.")

Similarly here, it is undisputed that the EEOC conducted an investigation into Melchora Lee's EEOC Charge of discrimination. (PUF 4) The EEOC conducted an investigation into Ms. Lee's EEOC charge and issued a cause finding prior to filing suit. (PUF11, 12) As part of the investigation into this charge, the EEOC invited Bank of America's participation into the charge investigation and requested information from Bank of America on numerous occasions. (PUF 3, 4, 5,

6, 7, 8, 9, 10) The EEOC pled in its Complaint that "[p]rior to the institution of this lawsuit, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Melchora Lee had been denied a reasonable accommodation, disciplined and discharged due to her disability in violation of the ADA." (PUF 15) The EEOC further pled that that "[p]rior to the institution of this lawsuit, all conditions precedent were satisfied." (PUF 17) Based on these undisputed facts and the statutory language of Title VII, the EEOC has met the pre-suit requirements of conducting an investigation and issuing a cause determination as a matter of law. Furthermore, as a matter of law, the EEOC has met the pre-suit requirement of an investigation and cause determination to warrant summary judgment on these issues. Accordingly, Bank of America's Third Affirmative Defense (failure to exhaust administrative remedies) should be dismissed.

**2. Defendant's Fifteenth affirmative defense does not exist because the text of the ADA and Title VII do not provide a "failure-to-conciliate" defense.**

Bank of America's position that judicial review of conciliation is appropriate in furtherance of its alleged "failure to conciliate defense" is erroneous. Certainly, Title VII and the ADA do not expressly provide for such a defense. As stated above, the EEOC exercises "the same enforcement powers, remedies, and procedures that are set forth in Title VII ... when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195–96 (9th Cir.2003). The requirement that EEOC undertake conciliation efforts also does not implicitly create a defense for employers who have allegedly violated Title VII. *See EEOC v. Mach Mining*, 738 F.3d 171 (7th Cir. 2013) (holding that Title VII does not authorize a "failure-to-conciliate" defense), *cert. granted*, No. 13-1019, 134 S.Ct. 2872 (June 30, 2014). This result is compelled by Title VII's text and statutory scheme. An analysis of

whether Title VII implies an affirmative defense must "begin with the text of the statute," being "mindful of the Supreme Court's recent admonition that 'Congress' special care in drawing so precise a statutory scheme' as Title VII 'makes it incorrect to infer that Congress meant anything other than what the text does say.'" *Mach Mining*, 738 F.3d at 174 (quoting *Univ. of Tex. SW Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2530 (2013)). Here, the text of Title VII says nothing about a "failure-to-conciliate" defense employers can use to avoid liability, or about the reviewability of the adequacy of EEOC's conciliation efforts.

To the contrary, the plain language of Title VII makes apparent that Congress did not intend to imply an affirmative defense. Specifically, §706 of Title VII mandates that upon finding cause, the EEOC "shall *endeavor* to eliminate" the "unlawful employment practice by *informal* methods of conference, conciliation, and persuasion." 42 U.S.C. §2000e-5(b) (emphasis added). The use of "informal" means Congress did not intend that EEOC must follow a rigid process in attempting conciliation. Hence, §706 simply requires EEOC to try, using informal means, to conciliate with an employer. Whether a conciliation agreement is acceptable is left to EEOC's sole discretion, as §706(f)(1) states that EEOC may sue "if the Commission has been unable to secure . . . a conciliation agreement *acceptable to the Commission*."

As the Seventh Circuit observed in *Mach Mining*, "[i]t would be difficult for Congress to have packed more deference to agency decision-making into so few lines of text." 738 F.3d at 174. "An implied affirmative defense for failure to conciliate [also] conflicts directly with the confidentiality provision" of Title VII. *Id*. at 175. Section 706(b) provides that "[n]othing said or done during and as a part of such informal endeavors may be made public by the Commission . . . or used as evidence in a subsequent proceeding without the written consent of the persons concerned." 42 U.S.C. §2000e-5(b). Anyone who violates this provision is subject to a $1,000 fine, imprisonment, or both. *Id*. Because this provision contains no

exceptions, courts evaluating a failure-to-conciliate defense would have no evidence to review where the parties refused to provide written consent. *Mach Mining*, 738 F.3d at 175. Most recently, a District Court in Nevada followed the Seventh Circuit's view of conciliation in *Mach Mining* and granted the EEOC's motion for protective order precluding the deposition of the EEOC's investigators. *EEOC v. Pioneer Hotel, Inc*., No. 2:11-cv-01588-LRH-GWF at *13-14 (D. Nev. Sept. 30, 2014).[2] The Court in *Pioneer* concluded that "the Defendant should not be able to depose the EEOC investigators regarding the adequacy of their investigation or the pre-suit conciliation process." *Id*.; *see also EEOC v. Global Horizons, Inc*., __F.Supp.2d__, 2014 WL 2207866, *13 (E.D.Wash. May 28, 2014) (following *Mach Mining* by holding "a court may not review the substance of the EEOC's pre-lawsuit conciliation efforts but rather is limited to ensuring that the EEOC alleges in the complaint compliance with its conciliation requirement.")

Similarly here, it is undisputed that the EEOC and Bank of America endeavored in conciliation before suit was filed. The EEOC's letter of determination dated April 26, 2012 further notified Bank of America that "[h]aving determined that there is reason to believe that violations have occurred, the EEOC attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the EEOC invites the parties to join with the Commission in reaching a just resolution of this matter." (PUF 12) On or about July 24, 2012, the EEOC issued a notice of conciliation failure to Bank of America upon having "determined that efforts to conciliate . . . have been unsuccessful." (PUF 13) On or about September 25, 2013, the EEOC filed this instant action in federal court. (PUF 14) The EEOC pled in its Complaint that "[p]rior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful

---

[2] For the Court's convenience, a copy of the September 30, 2014 opinion order is attached hereto as Exhibit 13.

employment practices alleged below and to effectuate Defendant's voluntary compliance with Title I of the ADA through informal methods of conciliation, conference, and persuasion." (PUF 16) The EEOC further pled that that "[p]rior to the institution of this lawsuit, all conditions precedent were satisfied." (PUF 17) Consequently, based on these undisputed facts, summary judgment dismissing Bank of America's Third (failure to exhaust administrative remedies) and Fifteenth Affirmative Defenses (failure to conciliate) should be granted.

**B. ALTERNATIVELY, EVEN UNDER THE DEFERENTIAL STANDARD OF REVIEW, THE EEOC MET ITS PRE-SUIT STATUTORY REQUIREMENTS TO INVESTIGATE, ISSUE A CAUSE DETERMINATION, AND CONCILIATE, AS A MATTER OF LAW.**

**1. Defendant's third affirmative defense should be dismissed because even under the deferential standard of review, the EEOC met its pre-suit requirement to investigate.**

With respect to challenging the sufficiency of the EEOC's investigation, Nevada district courts have already held that "an employer may not litigate the adequacy of the EEOC's investigation and determination." *EEOC v. Gold River Operating Corp.*, 2007 WL 983853 at *3 (D. Nev. Mar. 30, 2007); *EEOC v. Pioneer Hotel*, No. 2:11-cv-01588-LRH-GWF at *13-14 (D. Nev. Sept. 30, 2014) ("Defendant is not entitled to litigate the adequacy of the EEOC's pre-suit investigation.") Similarly, another district court within the Ninth Circuit specifically held that the adequacy of the EEOC's investigation is subject to judicial review under a deferential standard. *EEOC v. NCL, America, Inc.*, 536 F.Supp.2d 1216, 1222 (D. Hawaii 2008). "The EEOC enjoys significant latitude to investigate claims of discrimination and to allege claims in federal court based on

the results of its investigations…" *EEOC v. Dillards, Inc*, 2012 WL 440887 *8 (S.D.Cal. Feb. 9, 2012). The EEOC "must conduct *some* investigation of the charge" before bringing suit. *EEOC v. The Nestle Co.*, 1982 WL 234, *1 (E.D. Cal. 1982) (emphasis in the original). Courts, however, routinely reject defense motions challenging the adequacy of the investigation. *See EEOC v. James Julian, Inc.*, 736 F. Supp. 59, 60 (D. Del. 1990) ("a court shall only disallow a suit by the Commission if it is evident that the Commission failed to even undertake an investigation . . . ."); *EEOC v. KECO Industries, Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) (finding that district court erred by inquiring into the sufficiency of EEOC's investigation); *EEOC v. General Electric Co.*, 532 F.2d 359, 370 n.31 (4th Cir. 1976) (finding EEOC's investigation not reviewable and noting the substantial "potential for delay and diversion which such an undertaking would create" and the "limited benefit"); *EEOC v. Chicago Miniature Lamp Works*, 526 F. Supp. 974, 975 (N.D.Ill 1981), *rev'd on other grounds* (holding that EEOC's investigation and determination are completely discretionary and not subject to review by the court); *EEOC v. Sears, Roebuck & Co.*, 504 F. Supp. 241, 268 (N.D.Ill 1980) ("[A]ny cloud over the Commission's investigation . . . can be removed through a trial *de novo* of the substantive issues in this proceeding.")

Here, the undisputed facts support that the EEOC investigated Ms. Lee's charge of discrimination and subsequently issued a cause determination prior to filing suit. During the EEOC's investigation, the EEOC requested information on November 24, 2010, February 12, 2012, and March 14, 2012, from Bank of America regarding Ms. Lee's charge allegations. (PUF 5, 7, 8, 9) Bank of America responded to the EEOC's request for information on January 26, 2011, and March 23, 2012, in responses to the EEOC's requests for information and Ms. Lee's charge allegations. (PUF 6, 10) During March 13, 2012 through March 20, 2012, the EEOC and Bank of America exchanged email correspondence regarding the EEOC's onsite investigation to interview witnesses at the Bank of America facility

where Ms. Lee worked.(PUF 9) It is further undisputed that on or about April 26, 2012, the EEOC issued a letter of determination with findings to Bank of America notifying stating that "there is reasonable cause to believe that Charging Party [Lee] was denied a reasonable accommodation, disciplined and discharged in violation of the ADA." (PUF 11) On or about September 25, 2013, the EEOC filed this instant action in federal court. (PUF 14) Thus, even under the deferential standard of review, these facts support that the EEOC met the pre-suit requirements of an investigation and cause determination as a matter of law to warrant summary judgment in its favor. Consequently, Bank of America's Third Affirmative Defense (failure to exhaust administrative remedies) should be dismissed.

**2. Defendant's fifteenth affirmative defense should be dismissed because even under the deferential standard of review, the EEOC met its pre-suit requirement to conciliate.**

Although Title VII neither implies a failure-to-conciliate defense nor provides any standard for measuring whether EEOC satisfied its pre-suit obligations, the Ninth Circuit in *EEOC v. Pierce Packing*, 669 F.2d 605, 608 (9th Cir. 2005), stated in passing that the EEOC must make "good faith attempts at conciliation." The good faith conciliation requirement is properly limited to a good faith effort to allow an out of court settlement, rather than a good faith effort "to meet the defendant on its own terms." Courts have found that the EEOC is not required to show that it was flexible in settlement negotiations; the EEOC is only required to provide defendant the opportunity to settle out of court and may refuse any counter-offer. *U.S. v. Dept. of Corrections*, 1990 WL 145599, *7 (E.D. Cal. 1990) ("The EEOC can refuse any counteroffer. . . . [T]he "good faith" requirement is properly limited to a good faith effort to allow an out-of-court settlement, rather than a good faith effort to meet the defendant on its own

terms."); *see also KECO Industries, Inc.*, 748 F.2d 1102 (6th Cir. 1984) ("The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review"); *EEOC v. Canadian Indemnity Co.*, 407 F. Supp. 1366, 1367 (C.D. Cal. 1976) (finding that EEOC was within its discretion to reject counteroffer and proceed to litigation where defendant did not agree to all terms in EEOC's conciliation offer); *EEOC v. Prudential Federal Savings & Loan Assoc.*, 763 F2d 1166, 1169 (10th Cir. 1985) (noting that EEOC had fulfilled its statutory duty where employer refused to undertake any significant dialogue, rejected EEOC's initial settlement proposals, and refused to offer any serious counter proposals); *EEOC v. St. Anne's Hosp.*, 664 F.2d 128, 131 (7th Cir. 1981) (holding that conciliation prerequisite satisfied where EEOC invited defendant to conciliate); *EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534-35 (2nd Cir. 1996) ("If the defendant refuses the invitation to conciliate or responds by denying the EEOC's allegations, the EEOC need not pursue conciliation and may proceed to litigate the question of the employer's liability for the alleged violations.").

Moreover, the great weight of legal authorities within the Ninth Circuit has utilized the deferential standard of review for conciliation. For example, in *EEOC v. Gold River Operating*, a case on point, a District Court in Nevada granted the EEOC's motion for summary judgment on the EEOC's pre-suit statutory requirement/conditions precedent. No. 04-01349, 2007 WL 983853, at *2-5 (D. Nev. Mar. 30, 2007). The Court in *Gold River* concluded that "it was intended that substantial discretion in conciliation efforts be vested in the EEOC and the court should not examine the substance of the parties' negotiations." *Id*. at *5. In applying the deferential standard, many district courts within this Circuit have found the EEOC's conciliation efforts adequate under the deferential standard.

*EEOC v. Scolari Warehouse Mkts.*, 488 F. Supp. 2d 1117, 1129 n.14 (D. Nev. 2007) (conciliation adequate under deferential standard although EEOC did not identify all class members); *EEOC v. Alia*, 842 F. Supp. 2d 1243, 1255 (E.D. Cal. 2012) (citing five district court decisions applying the deferential standard); *EEOC v. Global Horizons*, 940 F. Supp. 2d 1316, 1326 (E.D. Wash. 2013) (conciliation adequate); *EEOC v. Pioneer Hotel*, No. 2:11-cv-01588-LRH-GWF at *13-14 (D. Nev. Sept. 30, 2014) (same); *EEOC v. Wedco*, No. 12-00523, 2013 WL 1104754, at *2-4 (D. Nev. Mar. 12, 2013) (same); *EEOC v. California Psychiatric Transitions*, 725 F. Supp. 2d 1100, 1111-18 (E.D. Cal. 2010) (same); *EEOC v. Timeless Investments*, 734 F. Supp. 2d 1035, 1052-54 (E.D. Cal. 2010) (same); *EEOC v. California Psychiatric Transitions*, 644 F. Supp. 2d 1249, 1273 (E.D. Cal. 2009) (same); *EEOC v. Hometown Buffet*, 481 F. Supp. 2d 1110, 1114-15 (S.D. Cal. 2007) (same); *EEOC v. MGM Mirage, Inc. et. al.*, No. 05-1101, PMP (PAL) (D. Nev. Jan. 25, 2006) (denying in its entirety Defendants' motion to dismiss under Rule 12 alleging that EEOC failed to meet its statutory duty to conciliate).

In applying the deferential standard of review here, the EEOC has met the pre-suit requirement of engaging in conciliation prior to filing suit. During the EEOC's administrative processing, it is undisputed that Bank of America was provided the opportunity to confront all the issues and conciliate prior to the filing of EEOC's suit. On or about April 26, 2012, the EEOC issued a letter of determination with findings to Bank of America notifying stating that "there is reasonable cause to believe that Charging Party [Lee] was denied a reasonable accommodation, disciplined and discharged in violation of the ADA." (PUF 11) The EEOC's letter of determination further notified Bank of America that "[h]aving determined that there is reason to believe that violations have occurred, the EEOC attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the EEOC invites the parties to join with the

Commission in reaching a just resolution of this matter." (PUF 12) On or about July 24, 2012, the EEOC issued a notice of conciliation failure to Bank of America upon having "determined that efforts to conciliate . . . have been unsuccessful." (PUF 13) The EEOC subsequently filed suit on or about September 25, 2013. (PUF 14) Bank of America has not offered any evidence of bad faith on the EEOC's part during the conciliation process. Thus, even under the deferential standard of review, the EEOC has met the pre-suit requirement of engaging in conciliation. Consequently, Bank of America's Third (failure to exhaust administrative remedies) and Fifteenth Affirmative Defenses (failure to conciliate) should be dismissed.

### C. IN THE INTERESTS OF CONSERVING PRECIOUS JUDICIAL AND PUBLIC RESOURCES, SUMMARY JUDGMENT SHOULD BE GRANTED.

As courts have recognized, permitting challenges to the sufficiency of EEOC's investigations and determinations "would effectively make *every* Title VII suit a two-step action: first, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action." *EEOC v. Chicago Miniature Lamp Works*, 526 F. Supp. 974, 975 (N.D. Ill. 1981). And, in fact, this is exactly what has come to pass. During the discovery stage of this litigation, Bank of America seeks to depose the EEOC's Designated Corporate Representative under Rule (30)(b)(6) on twenty-six (26) matters for examination pertaining to the EEOC administrative processing. (PUF18).

The deposition of an EEOC employee will not lead to the discovery of admissible or relevant information relating to any matter in the underlying ADA suit because this action will be reviewed *de novo* before the United States District Court for the District of Nevada. It is well settled that because employer-

defendants are entitled to a trial *de novo*, an employer may not litigate the adequacy of EEOC's investigation and determination. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44-45 (1974); *KECO Industries, Inc.*, 748 F. 2d at 1100; *EEOC v. General Electric Co.*, 532 F. 2d 359, 370 n.31 (4th Cir. 1976)(EEOC's investigation not reviewable, noting the substantial "potential for delay and diversion which such an undertaking would create" and the "limited benefit," court holds "the Commission's determination does not establish rights or obligations; the respondent is entitled to a trial de novo in the district court."); *see also Ward*, 719 F.2d at 313 (permitting dissatisfied charging parties to sue EEOC would undermine enforcement and “could dissipate the limited resources of the Commission in fruitless litigation”).

Here, the EEOC has objected to the deposition and is compelled to file a motion for protective order to preclude the deposition of any EEOC employee on the grounds, *inter alia*, that EEOC has already produced all non-privileged factual information from the EEOC’s investigation to Bank of America. No EEOC employee is a percipient witness with personal knowledge of the underlying merits of Ms. Lee’s allegations of disability discrimination. Employers, like Bank of America, routinely attack the adequacy of EEOC’s investigation, cause determination, and conciliation. The brunt of EEOC employees’ work time should not be spent on being deposed and testifying at trial regarding the adequacy of their investigations and findings as opposed to processing and investigating charges of discrimination. *See Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (“We acknowledge the government’s serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations.”)

Bank of America’s litigation tactics require the EEOC and the courts to devote scarce resources and time to litigating an issue of no legal consequence

while delaying resolution of the question Title VII and the ADA were meant to address: the underlying merits of whether unlawful discrimination occurred. Congress could not have intended this result. Precluding employers like Bank of America from litigating the sufficiency of the EEOC's pre-suit statutory requirements/conditions precedent will reduce the number of unnecessary discovery and dispositive motions relating to affirmative defenses that do not exist. Thus, in the interests of conserving public resources, employers should be precluded from litigating and engaging in discovery regarding the EEOC's pre-suit administrative processing. FED.R.CIV.P. 1 (The Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.") Accordingly, summary judgment should be granted and Bank of America's Third (failure to exhaust administrative remedies) and Fifteenth affirmative defenses (failure to conciliate) should be dismissed.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the EEOC respectfully requests that this Court grant partial summary judgment and issue an order dismissing Defendant's Third and Fifteenth affirmative defenses, and finding that the EEOC has met all pre-suit statutory requirements, i.e., conditions precedent, as a matter of law. Summary judgment in the EEOC's favor will preclude Defendant from engaging in any discovery, i.e., taking depositions of EEOC employees on the sufficiency of the EEOC's administrative processing (investigation, cause determination, conciliation) of Ms. Lee's EEOC charge of discrimination.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: October 3, 2014

By: S/ Connie K. Liem
Connie K. Liem
EEOC Sr. Trial Attorney

Nakkisa Akhavan
EEOC Trial Attorney