Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Connie K. Liem, TX SBN 791113
Nakkisa Akhavan, CA SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

(additional counsel listed on next page)

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; and Does 1-10 inclusive;<br><br>Defendants | Case No.: 2:13-CV- 01754-GMN-VCF<br><br>**CONSENT DECREE AND [PROPOSED] ORDER**<br><br><br>**Gloria M. Navarro**<br>**Chief U.S. District Judge** |

-1-

**McGuireWoods LLP**
Michael D. Mandel (admitted *pro hac vice*)
   California Bar No. 216934
Bethany A. Pelliconi (admitted *pro hac vice*)
   California Bar No. 182920
Lindsay L. Ryan (admitted *pro hac vice*)
   California Bar No. 258130
Sean M. Sullivan (admitted *pro hac vice*)
   California Bar No. 286368
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
mmandel@mcguirewoods.com
bpelliconi@mcguirewoods.com
lryan@mcguirewoods.com
ssullivan@mcguirewoods.com

Attorneys for Defendant Bank of America, N.A.

Sheri M. Thome, Esq.
   Nevada Bar No. 008657
Chad C. Butterfield, Esq.
   Nevada Bar No. 010532
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 S. Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
sheri.thome@wilsonelser.com
chad.butterfield@wilsonelser.com

Attorneys for Defendant Bank of America, N.A.

## I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), and Defendant Bank of America, N.A. ("BANA"), hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's lawsuit, filed under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA") and Title I of the Civil Rights Act of 1991. The EEOC and BANA are referred to collectively as the "parties."

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.  The parties to this Consent Decree ("Decree") are the EEOC and BANA. This Decree shall be binding on and enforceable against BANA and its successors and assigns. The parties have entered into this Decree for the purpose of resolving a disputed claim so as to avoid the expense, time, and uncertainty of further litigation.

## III.

## RECITALS

A.  The EEOC commenced the above-captioned action on September 25, 2013, on behalf of Charging Party Melchora Lee ("Lee"), a deaf individual formerly employed by BANA. In the Complaint, the EEOC asserted claims against Defendant Bank of America Corporation ("BAC"), which never employed Lee. The EEOC later filed a First Amended Complaint to add BANA as a Defendant. BANA represents that it has authority to bind itself to, and implement on its own behalf all of the provisions set forth in this Decree. The EEOC hereby agrees to dismiss BAC from this action, with prejudice.

B.  BANA makes no admissions regarding any claims or defenses raised during the litigation by entering into this Decree.

C.  Lee is a high school graduate who communicates using written communications and sign language, but she is not fluent in American Sign Language ("ASL"). BANA hired Lee in 1998. Her duties required her to empty out the contents of disposable, plastic deposit bags and process the deposits by inputting account numbers and deposit amounts into the computer. BANA

terminated Lee's employment in 2010 after several instances when she failed to empty out the contents of the deposit bags that were given to her for processing, resulting in customer deposits being discarded in the trash. The parties agree that Lee's termination was based on legitimate, nondiscriminatory reasons. The EEOC contends that the interactive process was ineffective.

## IV.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations by the EEOC that have been raised or could have been raised in the Complaint and First Amended Complaint filed in the above-captioned case as against all parties.

B. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce any obligations to comply fully with the ADA or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against any party in accordance with standard EEOC procedures.

## V.

## JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable and just.

C. This Decree conforms to the Federal Rules of Civil Procedure and any other federal statute(s), and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## VI.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date.

## VII.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C. By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VIII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. The parties expressly agree that if the EEOC has reason to believe that BANA has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify BANA and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of the Consent Decree that the EEOC believes BANA has breached along with the reason and basis of the alleged breach. Absent a showing by either party that the delay will cause irreparable harm, BANA shall have thirty (30) days to attempt to resolve or cure the

breach, however, the parties can agree to extend this period upon mutual consent.

B. The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C. After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as BANA is shown to be in breach of the Decree and the EEOC's costs and attorneys' fees incurred in securing compliance with the Decree.

## IX.

## MONETARY AND CLAIMANT SPECIFIC RELIEF

A. <u>Monetary Relief</u>

    1. In settlement of this lawsuit, BANA shall pay Melchora Lee a total of Thirty Thousand Dollars ($30,000.00) ("Settlement Amount") in monetary relief to resolve this action.

    2. The parties agree that Lee has no compensable damages for lost income. The Settlement Amount shall be designated as compensation for alleged emotional distress damages and paid by one check made payable to "Melchora Lee." BANA will report the Settlement Amount on a Form 1099.

    3. Within twenty (20) business days of the Effective Date, BANA shall forward, via Certified U.S. Mail, the Settlement Amount to Lee. Within five (5) business days of the issuance of the Settlement Amount, BANA shall submit a copy of the check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

B. <u>Claimant Specific Relief</u>

    BANA will provide a neutral verification of Lee's employment to any prospective employer, provided the request is directed to "The Work Number" at 1.800.367.5690 following the prompts for employment verification or by writing to BANA's Global Human Resources Service Center, PO Box 563910, Charlotte, NC 28256. Such reference will be limited to Lee's name, job title, employment classification (e.g., full or part-time) and dates of hire and last date

of employment (without characterization of reason for end of employment).

## X.
## GENERAL INJUNCTIVE RELIEF

A.   Non-Discrimination

BANA and its successors and assigns agree to continue to implement and enforce its non-discrimination policies in a manner that is consistent with the ADA. This includes refraining from engaging in employment practices in violation of the ADA.

B.   Non-Retaliation

BANA and its successors and assigns, hereby agree to continue to implement and enforce its policies prohibiting retaliation in a manner that is consistent with the ADA, and that it will not engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee, or job applicant, or either of them, because he or she has in the past, or during the term of this Decree:

1. opposed any practice made unlawful under the ADA;
2. filed a charge of discrimination alleging such practice;
3. testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by BANA), proceeding in connection with this case and/or relating to any claim of an ADA violation;
4. been identified as a possible witness or claimant in this action;
5. asserted any rights under this Decree; or
6. sought and/or received any relief in accordance with this Decree.

## XI.
## RECORD KEEPING AND REPORTING

A.   Document Preservation

For the duration of the Decree, BANA shall maintain such records as are necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below. BANA will continue to maintain records that track requests for accommodation for the duration of the Decree, identifying by BANA the person number the

person requesting the accommodation, the date of the request, the requested accommodation, the person engaging in the interactive process, the reasons for any denials of reasonable accommodations, and the ultimate outcome of the accommodation process. BANA shall continue to review the centralized tracking of accommodations requests to assess training needs and to ensure follow up on whether accommodation requests are adequately provided, particularly with long term employees that may require modification of accommodations requests. Accommodations Services in particular will continue to conduct audits to ensure that the interactive process is adequately being provided where conducted by supervisors and managers.

B.  Reports

For the duration of the Decree BANA shall provide the EEOC with semi-annual summary reports from the Effective Date containing the following information regarding deaf employees working in the State of Nevada:

(1) [a] accommodations requested, [b] an identification of the BANA person number of the person requesting the accommodation, [c] the date of the request, [d] the requested accommodation, [e] the person(s) who engaged in the interactive process, [f] the reasons for any denials of reasonable accommodations, and [g] the ultimate outcome of the accommodation process; and

(2) [a] complaints regarding disability discrimination or disability harassment, [b] the date(s) of such complaints, [c] the title and BANA person number of the person(s) alleged to have engaged in the discrimination or harassment, [d] the name and title of the person(s) who conducted the investigation into the complaints, [e] the nature of the complaints, [f] the date of the commencement and completion of the investigation into the complaints, [g] a brief description of the investigation (i.e., number of persons interviewed, materials reviewed), [h] the outcome of the investigation and any action taken, and [i] whether previous disability discrimination and/or disability harassment complaints had been made regarding the alleged harasser(s).

BANA will submit verification of the dissemination of its policies and procedures.

BANA will also verify that it assessed or audited accommodation requests in Nevada by supervisors and managers to ensure that the interactive process was properly conducted. BANA will also submit verification of the trainings set forth herein, a description of the training, and an outline of the curriculum developed for the trainees.

## XII.

## TRAINING

A.   BANA agrees that all managers and supervisors will be trained that Accommodations Services shall handle all accommodations issues related to the communication abilities of deaf individuals companywide. Managers and supervisors will be trained to direct all accommodation requests regarding the communication abilities and methods of deaf individuals to Accommodations Services and/or Advice and Counsel, and that decisions will not be made by managers and supervisors regarding such accommodation requests without approval from Accommodations Services and/or Advice and Counsel. Accommodations Services and/or Advice and Counsel may delegate routine accommodation requests from deaf employees, such as scheduling, leave, and ergonomics related requests, to managers and supervisors.

B.   BANA also agrees to create a training module to not only address the foregoing but also the following:

1. Issues involving the specific communications and particular needs of deaf employees in an employment context. Specifically, the training will address that each deaf employee will have different communication abilities and methods;

2. That ASL interpreters will be the favored accommodation for addressing essential functions of a job and where it involves any employment actions involving a deaf employee. In that regard, the training modules will also address the use of ASL interpreters for all meetings that involve discussion of terms and conditions of employment that deaf employees are required to attend, even if the employees indicate that they are able to understand written communications;

3. When, if at all, it is appropriate to use written communications in lieu of an ASL interpreter as a reasonable accommodation for deaf employees;

4.   That Accommodations Services will review and assess whether the interactive process of supervisors and managers was properly conducted when it involves a deaf individual.

C.   BANA agrees to training its Advice & Counsel and Accommodations Services regarding reasonable accommodation and interactive process on an annual basis. BANA's training will incorporate: (1) BANA's company policy regarding reasonable accommodation requests and Advice & Counsel and Accommodations Services' role in reasonable accommodations; (2) the interactive process, including that it is necessary to communicate with every party involved with a particular accommodation including the employee and the employee's managers and supervisors in order to assess the needs of the employee requesting a reasonable accommodation; (3) that Accommodation Services must monitor accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation; and (4) different communication needs of deaf individuals that may be needed to properly engage in the interactive process and to properly accommodate a deaf individual. A summary of the monitoring shall be provided to the EEOC of deaf individuals.

D.   BANA will direct managers to call the Accommodation Services Team when any changes are proposed in accommodations previously provided to any deaf employees. BANA will also continue to remind managers to encourage employees to utilize the resources available to them to address reasonable accommodation issues, including the Accommodation Services Team and Advice & Counsel Department.

E.   For the duration of the Decree, BANA will certify to the EEOC on an annual basis that it has complied with the provisions of this section.

## XIII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

BANA shall bear all costs associated with its own obligations under this Consent Decree.

## XIV.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XV.

## MISCELLANEOUS PROVISIONS

A.    During the term of this Consent Decree, BANA shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of BANA's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.    During the term of this Consent Decree, BANA and its successors shall assure that each of their officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.    The parties agree to entry of this Decree and judgment subject to final approval by the Court.

|   |   |
|---|---|
|   | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Date: March 8, 2016 | _/s/ Anna Y. Park_____<br>Anna Y. Park<br>Regional Attorney |
|   | Sue J. Noh<br>Supervisory Trial Attorney |
|   | Connie K. Liem<br>Nakkisa Akhavan<br>Trial Attorneys |
|   | Attorneys for Plaintiff EEOC |
|   | MCGUIREWOODS LLP |
| Date: March ___, 2016 | _____<br>Michael Mandel<br>Bethany Pelliconi<br>Lindsay Ryan<br>Sean Sullivan |
|   | Attorneys for Defendant<br>Bank of America, N.A. |

|   |   |
|---|---|
| 1 | |
| 2 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| 3 | |
| 4 | Date: March __, 2016 |
| 5 | _____ |
|   | Anna Y. Park |
|   | Regional Attorney |
| 6 | |
| 7 | Sue J. Noh |
|   | Supervisory Trial Attorney |
| 8 | |
| 9 | Connie K. Liem |
|   | Nakkisa Akhavan |
| 10 | Trial Attorneys |
| 11 | |
| 12 | Attorneys for Plaintiff EEOC |
| 13 | |
| 14 | MCGUIREWOODS LLP |
| 15 | |
| 16 | Date: March 8, 2016    /s/ BPelliconi |
|   | Michael Mandel |
| 17 | Bethany Pelliconi |
| 18 | Lindsay Ryan |
|   | Sean Sullivan |
| 19 | |
| 20 | |
| 21 | Attorneys for Defendant |
|   | Bank of America, N.A. |

# ORDER

**GOOD CAUSE APPEARING:**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

_____
Hon. Gloria M. Navarro
United States Chief District Judge

DATED this ___ day of _____, 2016.